No. 854          November 27, 2024          467

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOSEPH LOREN MARBERRY,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A180961

Submitted September 5, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for petitioner. Joseph L. Marberry filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner seeks review of a final order of the Board of Parole and Post-Prison Supervision (the board) revoking his post-prison supervision (PPS) and ordering him returned to prison pending a future disposition hearing. On appeal, he argues that the board improperly denied his request for board-appointed counsel. We affirm.

The board alleged that petitioner had violated the conditions of his PPS. At a preliminary meeting, petitioner denied violating the terms of his PPS and indicated that he wanted a board-appointed attorney; the hearing officer declined to appoint an attorney on the grounds that petitioner did not make a "timely and colorable claim" that he "has not committed the alleged violation" of his supervision conditions. ORS 144.343(3)(f). After a hearing, the board found that petitioner violated the conditions of his supervision and recommended that his supervision be revoked. Petitioner timely sought administrative review. It is undisputed that he did not raise the denial of board-appointed counsel in that request for administrative review.

ORS 144.335(1)(b) requires exhaustion of administrative remedies in the context of board proceedings: It is "a general, flexible rule of administrative law that judicial review is available only after available procedures for relief within the agency have been followed and the party has raised before the agency the challenges that it intends to make on judicial review." *Tuckenberry v. Board of Parole*, 365 Or 640, 652, 451 P3d 227 (2019). The court explained that the issue-exhaustion requirement included within that general rule "is a prudential doctrine that courts may relax or set aside entirely, depending on the circumstances." *Id.* at 647. In *Tuckenberry*, the court relaxed the requirement and considered an argument that an unrepresented petitioner had not specifically articulated but had suggested in his request for administrative review, noting that it was a statutory issue of public interest and that, as a companion case demonstrated, it would have been futile to raise it more specifically before the board. *Id.* at 654-55. The court concluded, "[i]n sum, given the equities and as a prudential

matter, we may and do consider petitioner's claims, not specifically raised before the board[.]" *Id.* at 655.

In this case, petitioner contends that we should relax or waive the exhaustion requirement and reach the merits of his challenge to the board's denial of counsel. We decline to do so under these circumstances, where petitioner did not even nonspecifically raise that argument on administrative review and raising it would not necessarily have been futile.

Petitioner also raises various issues in his *pro se* brief. We have reviewed those claims and they provide no basis for reversal.

Affirmed.